DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas that found appellant guilty of two counts of drug abuse in violation of R.C. 2925.11(A) following a no contest plea. For the reasons that follow, this court vacates appellant's sentence and remands this matter for further proceedings consistent with this decision.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED BY FINDING THAT THERE WAS PROBABLE CAUSE TO ISSUE A SEARCH WARRANT TO SEARCH THE 215 FULTON STREET ADDRESS.
"ASSIGNMENT OF ERROR NO. 2
 "A SEARCH WARRANT WITH AN IMPERMISSIBLE RACIAL CLASSIFICATION IS VOID OR OTHERWISE INVALID.
"ASSIGNMENT OF ERROR NO. 3
"THE COURT ERRED IN SENTENCING THE DEFENDANT."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On November 20, 1996, appellant was indicted on two counts of drug abuse, each count with a prior conviction specification. The charges followed the execution of search warrants on October 12, 1996 at two residences in Sandusky, Erie County, Ohio. The search warrants were supported by the affidavit of Detective Captain Curt Muehling of the Sandusky Police Department, who was assigned to the Erie County Drug Task Force. Detective Muehling attested that he had received information from a reliable confidential informant acquainted with appellant that appellant had taken him to a "drug stash house" in Sandusky and had shown him drugs and money. On September 29, 1997, appellant filed a motion to suppress all of the evidence obtained from the searches and on October 21, 1997, the trial court denied the motion. On December 8, 1997, appellant entered a plea of no contest to both counts of the indictment. The trial court accepted appellant's plea and found him guilty of both counts. On January 9, 1998, appellant was sentenced to five years on each count. The transcript of the sentencing hearing discloses that the trial court ordered that the sentence for the first count be served concurrently with the sentence appellant was then serving in federal prison, and that the second sentence be served consecutively to the one hundred and fifteen month federal sentence pursuant to R.C. 2929.41 (A) and 2929.14(E). On April 25, 2000, this court granted appellant's motion for leave to file a delayed appeal.
In his first assignment of error, appellant asserts that the trial court erred by finding that there was probable cause to issue a search warrant for the 215 Fulton Street address. Appellant argues that, even assuming the confidential informant was truthful, there was no evidence that any criminal activity was taking place at the Fulton Street address or that there was any contraband in the apartment.
In State v. George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus, the Supreme Court of Ohio set forth the following standard of review as to the sufficiency of probable cause for an affidavit submitted in support of a search warrant:
 "[N]either a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant."
The George court continued:
 "Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates [1983], 462 U.S. 213, followed.)" Id.
As to the magistrate's decision to issue a search warrant, George
followed the "totality of the circumstances" test set forth in Gates,supra, as follows:
 "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. (Illinois v. Gates
[1983], 462 U.S. 213, 238-239, followed.)" Id.
 Gates elaborated further as to the standard:
 "* * * Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in a formal trial, have no place in the magistrate's decision. * * * [I]t is clear that `only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'" Gates, supra, quoting Spinelli v. United States (1969), 393 U.S. 410 at 419.
It is clear from the forgoing that a reviewing court may not substitute its own judgment for that of the issuing magistrate by conducting a denovo analysis as to whether the affidavit contained sufficient probable cause for a search warrant. As a reviewing court, we must accord great deference to the magistrate's determination. Therefore, the question before us is whether we can say that Detective Muehling's affidavit provided a substantial basis for the magistrate's determination that there was a fair probability that drugs and large sums of money would be found at the Fulton Street address. When the guidelines set forth above are applied to Detective Muehling's affidavit, we must answer in the affirmative.
The affidavit in this case contained four and one-half pages of pertinent information. Included was information the detective had received from a confidential informant who said he had been at both houses in Sandusky with appellant and that appellant had shown the informant, a few days before the issuance of the warrant, drugs and "large sums of money" connected to appellant's drug trade at both locations. Some of the information from the informant was corroborated by police officers' investigations. The detective also attested that the informant had proven to be "extremely reliable" over the past two years and had provided information that led to the successful execution of fifteen to twenty search warrants. The affidavit provided explicit detail as to numerous occasions when the informant had been with appellant at both "stash houses" specified in the search warrants and as to times he had accompanied appellant on drug deliveries in Sandusky. The affidavit further explained in detail how the police made contact with the informant and how they debriefed him as to what he had seen in the houses. The affidavit also explained that the informant had shown police the "stash house" at 426 Jackson Street in Sandusky and that he had told them that appellant has another apartment at 215 Fulton Street where he lived alone and kept money.
Given all of the circumstances set forth in the affidavit, we find that the magistrate had a substantial basis for determining that there was sufficient probable cause to justify issuance of the search warrant. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the letters "b/m" on the search warrant, intended to describe appellant as a black male, amounted to a prejudicial and impermissible racial classification. Appellant asserts that the entry "Person of Eugene Nicholson, b/m, age 26" in the space on the warrant designated "Brief description of person/place" is neither a description nor an identification but rather an onerous racial classification. Appellant argues that a description would be "dark brown, light brown, or a similar hew [sic] describing Mr. Nicholson."
Appellant does not indicate how he was prejudiced by what he terms an onerous "racial classification," but does argue at length that the Equal Protection Clause of the United States Constitution guarantees that the government will not base its laws on racial classifications. In this case, however, appellant is not challenging a law and the authority he cites in support of his equal protection argument is not relevant.
R.C. 2933.23 addresses the sufficiency of the affidavit that must precede the issuance of a search warrant and states that "[a] search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly * * * names or describes the person to be searched * * *." Additionally, Crim.R. 41(C) states that "* * * the affidavit shall name or describe the person to be searched * * *."
The designation of appellant's name, race, sex and age at the top of the affidavit clearly was intended to provide the officers executing the search warrant with a reasonable description of the person who resided at the address to be searched. There is absolutely no indication in the affidavit or elsewhere in the record that appellant's race was a factor in obtaining the warrant or that the search was based on appellant's race. It is clear from the highly detailed affidavit that the search was supported by an objective justification and we therefore find that the letters "b/m" on the search warrant were included purely for descriptive purposes and did not amount to a prejudicial racial classification. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by sentencing him to two consecutive five-year sentences for his convictions. Appellant argues that the trial court should have imposed a sentence of community control or, at the most, the shortest prison term for both offenses. Appellant further argues that the trial court failed to make the necessary findings before imposing consecutive sentences.
As to appellant's first argument, the offenses of which appellant was convicted carry a mandatory prison term pursuant to R.C. 2929.11(C)(4)(e), so community control was not an option. As to the length of the sentences, the trial court was authorized by law to impose sentences of from three to ten years for the two first-degree felonies and was not required to impose the shortest prison term since appellant was currently serving a term of imprisonment for another conviction. R.C. 2929.14(B).
Appellant's claim that the trial court failed to make the necessary findings as required when imposing consecutive sentences requires further consideration. As to the sentencing hearing, R.C. 2929.19(B)(1) states that before imposing sentence the trial court shall consider the record, any information presented at the hearing, the presentence investigation report if one was made, and any victim impact statements. It is clear from the record that the trial court considered those items. R.C.2929.19(B) also states in relevant part:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
The trial court did not state on the record of the hearing its reasons for imposing consecutive sentences.
R.C. 2929.14(E)(3) further addresses the imposition of consecutive sentences:
 "(3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender."
In its sentencing judgment entry, the trial court stated: "the Court further finds the provisions of R.C. § 2929.41(A) and §2929.14(E) to be applicable for imposition of Count No. 2 to run consecutive to defendant's Federal prison sentence * * *." We find that language to be insufficient and not in compliance with the statutory requirements set forth above. Simply stating that the provisions of certain statutes are applicable does not equate to providing reasons for imposition of consecutive sentences. The trial court clearly failed to comply with the very specific requirements of R.C. 2929.14(E)(3) as set forth above for the imposition of consecutive sentences. Accordingly, appellant's third assignment of error is found well-taken.
On consideration whereof, the sentence rendered by the Erie County Court of Common Pleas is hereby vacated and this matter is remanded for further proceedings consistent with this decision. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed to appellee.
 ____________________________ Richard W. Knepper, J.
 Peter M. Handwork, J., Melvin L. Resnick, J. CONCUR.